| | |
|---|---|
| Robert T. Haslam (SBN 71134 / rhaslam@cov.com) | Kelly C. Hunsaker (SBN 168307 / hunsaker@fr.com) |
| Amy K. Van Zant (SBN 19742 / avanzant@cov.com) | Enrique D. Duarte (SBN 247523 / duarte@fr.com) |
| Hyun S. Byun (SBN 281753 / hbyun@cov.com) | FISH & RICHARDSON P.C. 500 Arguello Street, Suite 500 |
| COVINGTON & BURLING LLP 333 Twin Dolphin Drive, Suite 700 | Redwood City, California 94063 Telephone: (650) 839-5070 |
| Redwood Shores, CA 94065 Telephone: (650) 632-4700 Facsimile: (650) 632-4800 | Facsimile: (650) 839-5071 |

Attorneys for Defendant/Counterclaimant
COUPA SOFTWARE INC.

Robert D. Fram (SBN 126750 / rfram@cov.com)
Christine Saunders Haskett (SBN 188053 / chaskett@cov.com)
Matthew D. Kellogg (SBN 280541 / mkellogg@cov.com
Tess A. Hamilton (SBN 279738 / tahamilton@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Attorneys for Plaintiff/Counter-defendant
ARIBA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIBA, INC., a Delaware corporation, | |
| Plaintiff/Counter-defendant, | Civil Case No. 3:12-cv-01484 JST |
| v. | |
| COUPA SOFTWARE INC., a Delaware corporation, | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT PURSUANT TO PATENT L.R. 4-3** |
| Defendant/Counterclaimant. | |

Pursuant to Northern District of California Patent Local Rule 4-3 and the Court's April 9, 2013 Case Management Order (ECF No. 34), Plaintiff Ariba, Inc. ("Ariba") and Defendant Coupa Software, Inc. ("Coupa") hereby submit the following Joint Claim Construction and Prehearing Statement for U.S. Patent No. 7,117,165 ("the '165 Patent").

Both Ariba and Coupa (collectively the "Parties") contend that additional discovery may be relevant to the identification of claim terms significant to this dispute, the construction of those terms, or the evidence supporting such constructions. Accordingly, each party expressly reserves the right to identify additional or different terms for construction, to amend the preliminary proposed constructions and/or evidence in support identified below, and to otherwise modify the positions set forth herein.

**A.    Identification of Constructions of the Terms on Which the Parties Agree**

Pursuant to Patent Local Rule 4-3(a), the Parties agree that the following terms are each subject to 35 U.S.C. § 112(6):

- requisition record generating means for generating a requisition record for a requisition (Claim 1)

- electronic receipt generating means for generating an electronic receipt to acknowledge receipt of the operating resource wherein the electronic receipt indicates one of an acceptance or rejection of a received operating resource and facilitates payment for the accepted operating resource upon acceptance (Claim 1)

- approval path determining means, responsive to the requisition record to approval rules in an approval rules database, for determining an approval path for the requisition record, among various ones of a plurality of possible approvers, required to approve the requisition record based on the commentary entry (Claim 1)

- approval path handling means for guiding the requisition record along the determined approval path, wherein the approval path handling means generates a global approval indication based on the commentary entry and in response to the requisition record successfully traversing the approval path (Claim 1)

- order generating means for deciding between at least one of a purchase card module, a direct order module, and a purchase order module to submit the requisition for fulfillment by a supplier (Claim 1)

The Parties further agree that the function of the term "requisition record generating means for generating a requisition record for a requisition" (Claim 1) is: "Generating a requisition record for a requisition."

**B.    Identification of Proposed Constructions for Each Disputed Term**

Pursuant to Patent Local Rule 4-3(b), the Parties have set forth in Exhibit A (attached hereto) each party's proposed constructions, intrinsic evidence (i.e., supporting references from the specification and prosecution history of the patent-in-suit) and extrinsic evidence known to

1  the party on which each party intends to rely in its brief(s) and/or at any related hearing in this
2  matter.
3       With respect to the extrinsic evidence identified in Exhibit A, the Parties agree that if the
4  party identifying the evidence introduces it in any brief or at any Claim Construction Hearing in
5  this matter, then any other party also may rely upon that extrinsic evidence in its brief(s) and at
6  any related hearing. The Parties further reserve the right to (a) challenge any materials identified
7  as "extrinsic evidence" and (b) object to the introduction into the record of such materials if the
8  identifying party actually relies upon such materials in its brief(s) and/or at any related hearing.

### C. Identification of Terms Whose Constructions Will Be Most Significant to the Resolution of the Case

Pursuant to Patent Local Rule 4-3(c), the Parties identify:

1. "<u>order generating means for deciding between at least one of a purchase card module, a direct order module, and a purchase order module to submit the requisition for fulfillment by a supplier</u>" (claim 1) (term jointly identified by the Parties): The Parties believe that construction of this term could be claim dispositive due to Coupa's contention that the corresponding structure is indefinite. Coupa further believes the construction of this term could be claim dispositive if the Court adopts Coupa's proposed construction for the recited function.

2. "<u>deciding between at least one of a purchase card module, a direct order module, and a purchase order module to submit the electronic requisition form for fulfillment</u>" (claims 35, 41) (term jointly identified by the Parties): The Parties believe that construction of this term could be claim dispositive due to Coupa's contention that the corresponding structure is indefinite. Coupa further believes the construction of this term could be claim dispositive if the Court adopts Coupa's proposed construction for the recited function.

3. "<u>approval path determining means, responsive to the requisition record to approval rules in an approval rules database, for determining an approval path for the requisition record, among various ones of a plurality of possible approvers, required to approve the requisition record based on the commentary entry</u>" (claim 1) (term jointly identified by the Parties): The

1. Parties believe that construction of this term could be claim dispositive due to Coupa's contention that both the corresponding function and structure are indefinite. Coupa further believes the construction of this term could be claim dispositive if the Court adopts Coupa's proposed construction for the recited function.

4. "<u>approval path handling means for guiding the requisition record along the determined approval path, wherein the approval path handling means generates a global approval indication based on the commentary entry and in response to the requisition record successfully traversing the approval path</u>" (claim 1) (term identified by Ariba): The Parties believe that construction of this term could be claim dispositive due to Coupa's contention that the corresponding structure is indefinite. Coupa further believes the construction of this term could be claim dispositive if the Court adopts Coupa's proposed construction for the recited function.

5. "<u>electronic receipt generating means for generating an electronic receipt to acknowledge receipt of the operating resource wherein the electronic receipt indicates one of an acceptance or rejection of a received operating resource and facilitates payment for the accepted operating resource upon acceptance</u>" (claim 1) (term identified by Ariba): Ariba contends that the construction of this term is not claim dispositive but will be helpful to narrowing infringement disputes. Coupa does not believe that construction of this term is claim dispositive.

6. "<u>requisition record generating means for generating a requisition record for a requisition</u>" (claim 1) (term identified by Ariba): Ariba contends that the construction of this term is not claim dispositive but will be helpful to narrowing infringement disputes. Coupa does not believe that construction of this term is claim dispositive.

7. "<u>purchase order module</u>" (claims 1, 35, 41) (term identified by Coupa): Ariba contends that the construction of this term is not claim dispositive but will be helpful to narrowing infringement disputes. Coupa believes the construction of this term would be case dispositive if its proposed construction is adopted.

8. "<u>direct order module</u>" (claims 1, 35, 41) (term identified by Coupa): Ariba contends that the construction of this term is not claim dispositive but will be helpful to narrowing infringement disputes. Coupa believes the construction of this term would be case dispositive if its proposed construction is adopted.

9. "<u>electronic requisition form</u>" (claims 35, 41) (term identified by Coupa): Ariba contends that the construction of this term is not claim dispositive but will be helpful to narrowing infringement disputes. Coupa believes the construction of this term would be claim dispositive if its proposed construction is adopted.

### D. Estimate of the Length of Time for the Claim Construction Hearing

The Court has set a three-hour time limit for the Claim Construction Hearing.

### E. Statement Concerning Witnesses

#### 1. Ariba

Ariba may submit expert declarations by Michael Shamos, Ph.D. in support of its claim construction briefs. Depending on the issues raised in the briefs, Dr. Shamos may testify at the Claim Construction Hearing as an expert witness and/or in rebuttal to any expert declaration or testimony offered by Coupa. Pursuant to Patent Local Rule 4-3(e), Ariba provides the following summary of the opinions that Dr. Shamos may offer in declaration or in testimony:

1. With respect to the "approval path determining means . . . ," "approval path handling means . . . ," and "order generating means . . ." terms:
   - The functions should be construed in accordance with Ariba's proposed constructions.
   - The corresponding structures for each terms are not indefinite and there is sufficient disclosed corresponding structure linked to the identified functions, as recited in Ariba's proposed constructions.
   - Ariba's proposed constructions of the functions and structures of these terms are correct and supported by the intrinsic and extrinsic evidence, and Defendants' constructions (where offered) are not correct and not supported.

2. With respect to the "approval path determining means . . ." term, Dr. Shamos may further testify that the function is not indefinite and that Ariba's proposed construction of the function is correct and supported by the intrinsic and extrinsic evidence.

3. Dr. Shamos may testify in rebuttal to any opinion offered by an expert on behalf of Coupa, including each of the opinions and proposed testimony identified herein.

### 2. Coupa

Coupa does not propose calling any witnesses at the Claim Construction Hearing, and reserves the right to object to any testimony or opinions offered by Dr. Shamos. Furthermore, Coupa reserves the right to call one or more expert witnesses at the Claim Construction Hearing, and/or to submit their expert declarations, to rebut any opinions Ariba is allowed to offer through Dr. Shamos.

Respectfully Submitted,

| COVINGTON & BURLING LLP | FISH & RICHARDSON P.C. |
|---|---|
| By: _/s/ Amy K. Van Zant_<br>    Amy K. Van Zant | By: _/s/ Enrique D. Duarte_<br>    Enrique D. Duarte |
| Attorneys for Plaintiff/Counter-defendant<br>ARIBA, INC. | Attorneys for Defendant/Counterclaimant<br>COUPA SOFTWARE INC. |

1 **ECF CERTIFICATION**

2     Pursuant to Civil Local Rule 5-1, I attest that concurrence in the filing of this document

3 has been obtained from the signatory listed above.

4 Dated: May 28, 2013                        COVINGTON & BURLING LLP

6                                     By:   */s/ Amy K. Van Zant*
                                            Amy K. Van Zant