Robert T. Haslam (SBN 71134)
rhaslam@cov.com
Amy K. Van Zant (SBN 197426)
avanzant@cov.com
Hyun S. Byun (SBN 281753)
hbyun@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel.: (650) 632-4700
Fax: (650) 632-4800

Christine Saunders Haskett (SBN 188053)
chaskett@cov.com
Matthew D. Kellogg (SBN 280541)
mkellogg@cov.com
Tess A. Hamilton (SBN 279738)
tahamilton@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
Fax: (415) 591-6091

Attorneys for Plaintiff/Counter-defendant
ARIBA, INC.

Kelly C. Hunsaker (SBN 168307 / hunsaker@fr.com)
Enrique D. Duarte (SBN 247523 / duarte@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant/Counterclaimant
COUPA SOFTWARE INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIBA, INC., a Delaware corporation,<br><br>Plaintiff/Counter-defendant,<br><br>v.<br><br>COUPA SOFTWARE INC., a Delaware corporation,<br><br>Defendant/Counterclaimant. | Case No.: 3:12-cv-01484-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Paragraph 10 of the Court's June 27, 2013 Reassignment Order, this Joint Case Management Statement is hereby submitted on behalf of Plaintiff/Counter-defendant Ariba, Inc. ("Ariba") and Defendant/Counterclaimant Coupa Software Inc. ("Coupa").

**A.     Date the Case Was Filed**

Ariba filed its Complaint on March 23, 2012.  (Dkt. No. 1.)

**B.     Descriptions of the Parties**

Ariba is a software services company that provides collaborative business commerce solutions, including electronic procurement (or "e-procurement") systems for each step of the procurement process, including locating and requesting operating resources, approving requisitions, and billing and payment.

Coupa was founded in 2006 to provide a cloud-based alternative to traditional and aging e-procurement solutions. It provides a self-service requisitioning system that leveraged advances in web technologies to make e-procurement within an enterprise as easy as shopping from home.

**C.     Summary of Claims and Counter-Claims**

Ariba asserts that Coupa directly and contributory infringes claims 1-9, 13-18, and 20-45 of Ariba's U.S. Patent No. 7,117,165 ("the '165 Patent"). Ariba seeks monetary relief for lost profits and/or a reasonable royalty adequate to compensate for Coupa's infringement, which has been ongoing since 2006. Ariba also seeks a permanent injunction.

Coupa has filed an answer denying that it has directly infringed or contributed to the infringement of any claims of the '165 Patent, and asserting affirmative defenses of: non-infringement; invalidity for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112; patent misuse and/or bad faith enforcement; unclean hands; laches; prosecution history estoppel; and failure to state a claim upon which relief can be granted. In addition, Coupa has asserted counterclaims for a declaratory judgment of non-infringement and invalidity of the claims of the '165 Patent. Coupa denies that Ariba is entitled to any monetary or injunctive relief.

**D.     Events Underlying the Action**

Ariba filed its complaint on March 23, 2012. Ariba alleges that Ariba and Coupa are direct competitors in the e-procurement software market. Ariba contends that Coupa has been and is infringing claims 1-9, 13-18, and 20-45 of the '165 Patent by making, using, offering to sell, selling, and/or importing e-procurement software products and services. Ariba also alleges that Coupa has been and is contributing to infringement by others. Ariba's investigation and analysis is continuing.

Coupa has filed an answer denying that it has directly infringed or contributed to the infringement of any claims of the '165 Patent, and asserting affirmative defenses of: non-infringement; invalidity for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112; patent misuse and/or bad faith enforcement; unclean hands; laches; prosecution history estoppel; and failure to state a claim upon which relief can be granted. In addition, Coupa has asserted counterclaims for a declaratory judgment of non-infringement and invalidity of the claims of the '165 Patent.

Ariba has answered Coupa's counterclaims, denying Coupa's first counterclaim for declaratory judgment that Coupa does not infringe any claim of the '165 Patent. Ariba's answer also denies that there is an actual case or justiciable controversy regarding Coupa's second counterclaim. Finally, Ariba denies Coupa's second counterclaim for declaratory judgment that one or more of the claims of the '165 Patent is invalid. Ariba's answer asserts the affirmative defenses of failure to state a claim upon which relief can be granted, that the claims of the '165 Patent are not invalid, and unclean hands.

The case was originally assigned to Judge Hamilton. On July 12, 2012, Judge Hamilton held a CMC and scheduled a claim construction tutorial for July 26, 2013 and a Markman hearing for July 31, 2013. Docket No. 23. Thereafter, on August 7, 2012, the Court entered the parties' Proposed Stipulated Case Management Plan with dates for the exchange of infringement and invalidity contentions, claim construction briefing and discovery and mediation. Docket No. 25. Ariba served its infringement contentions pursuant to Patent Local Rule 3-1 on September 7, 2012. Coupa served its invalidity contentions pursuant to Patent

Local rule 3-4 on November 19, 2012. The parties commenced the exchange of written and document discovery, including the service of initial disclosures, interrogatories, requests for production and review of source code, and test instances of the accused product and Ariba's product.

The case was reassigned to Judge Tigar on February 2, 2013. Dkt. No. 26. The tutorial and claim construction hearing dates were vacated and the parties were ordered to submit a joint case management statement. Dkt. No. 26. In accordance with the disclosure dates set by Judge Hamilton in the August 7, 2012 CMC Order (which remained in effect), the parties exchanged their Patent Local Rule 4-1 preliminary list of claim terms for construction on March 20, 2013.

The parties filed a Joint Case Management Plan on February 26, 2013. (Dkt. No. 27.) Judge Tigar held a CMC on April 9, 2013. (Dkt. No. 33.) Judge Tigar re-set the tutorial for August 20, 2013 and the claim construction hearing for September 3, 2013, with the opening claim construction brief due on July 12, 2013. (*Id.*) The Court entered the parties proposed Stipulated Case Management Order setting the claim construction briefing and discovery schedule on May 1, 2013. (Dkt. No. 38.) The parties exchanged their Patent Local Rule 4-2 preliminary constructions of claim terms and identification of extrinsic evidence on May 6, 2013. The parties filed their Patent Local Rule 4-3 Joint Claim Construction and Prehearing Statement on May 28, 2013. On June 7, 2013, the Court entered the parties' Stipulation and Proposed Order Extending Deadline for Claim Construction Discovery. (Dkt. No. 41.)

On June 27, 2013, the case was reassigned to your honor. The reassignment order vacates the August 20, 2013 and September 3, 2013 claim construction tutorial and hearing dates, however, the remaining claim construction briefing dates remain in place.

Ariba served the expert Declaration of Dr. Michael I. Shamos on claim construction on June 17, 2013. Coupa took Dr. Shamos' deposition on June 27, 2013. Ariba is scheduled to serve its opening brief on claim construction on July 12, 2013. (Dkt. No. 38.) Coupa's responsive brief is due on July 26, 2013. (*Id.*) Ariba's reply brief is due on August 2, 2013. (*Id.*)

**E.     Relief Sought and Damages Claimed**

Ariba seeks a judgment (a) that one or more claims of the '165 Patent have been infringed, either literally or under the doctrine of equivalents, by Coupa; (b) awarding damages to Ariba in the full amount of actual damages, including for any lost profits, price erosion, and in no event less than a reasonable royalty; (c) awarding Ariba reasonable attorneys' fees and costs, including interest; (d) permanently enjoining Coupa from further infringing activity; (e) awarding pre-judgment and post-judgment interest on Ariba's damages; and (f) awarding any further relief that the Court finds to be just and appropriate under the circumstances.

Coupa seeks a judgment that (a) Coupa's technology is not covered by any valid and enforceable claim of the '165 Patent, and that Coupa does not infringe (directly or indirectly) any valid and enforceable claim of the '165 Patent; (b) the claims of the '165 Patent are invalid; (c) dismisses Ariba's complaint with prejudice; (d) Ariba take nothing by reason of its complaint; (e) awarding Coupa its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; (f) awarding Coupa its reasonable costs incurred in this action; and (g) awards Coupa such other relief as this Court deems just, reasonable, and proper.

**F.     Status of Discovery**

The parties completed the Rule 26(f) conference on July 2, 2012 and exchanged their Rule 26(f)(3)(A) initial disclosures on July 5, 2012. The parties agreed to a stipulated protective order, which was ordered by the Court on July 12, 2012. (Dkt. No. 22.) The parties further agreed to abide by the ESI-handling mechanisms set forth in the Model Order Regarding E-Discovery in Patent Cases approved by the E-Discovery Committee of the Federal Circuit Advisory Council, as modified by the parties and approved by the Court. (Dkt. No. 20-1, 23.)

Ariba served Coupa with its First Sets of Interrogatories and Requests for Production on October 12, 2012. Coupa responded to these requests on November 14, 2012 and supplemented a subset of its Interrogatory responses on December 21, 2012 and supplemented another subset on January 8, 2013. Coupa served Ariba with its First Set of Requests for Production on October 24, 2012; its First Set of Interrogatories on November 21, 2012; and its Second Set of Requests for Production on January 4, 2013. Ariba responded to these requests on November

29, 2012, January 7, 2013, and February 11, 2013, respectively. Document production by both parties is ongoing.

Coupa served third party document subpoenas to Texas Instruments Incorporated on October 23, 2012, to Lawrence Livermore National Security, LLC on October 24, 2012, and to Thermo Fisher Scientific Inc. on November 8, 2012.

Pursuant to the Court's Order Extending Deadline for Claim Construction Discovery, dated June 7, 2013, the cut-off date for claim construction discovery is July 2, 2013. Dkt. No. 41. The parties have agreed that expert discovery should be limited, and agree to exclude the following four categories of documents and things from discovery: (1) drafts of expert reports and expert declarations; (2) written or oral communications between a retained expert and the attorneys of the party retaining the expert relating to the subject of the expert's retention in this case, including the preparation of expert reports, expert declarations, and trial testimony; (3) all notes, memoranda, and other writings prepared by an expert in connection with the expert witness' engagement for this case, except to the extent that the expert consults them while testifying at a deposition or at trial; and (4) documents and/or things reviewed by an expert witness but not relied upon by the witness to draft his or her expert report. Notwithstanding the above, the following shall not be excluded from discovery: (1) testimony pertaining to a testifying expert's compensation; (2) facts or data that the attorney provided and the testifying expert considered in forming opinions; and (3) assumptions that the attorney provided and that the testifying expert relied on.

Ariba served Coupa with the declaration of Michael I. Shamos, Ph.D., J.D., Ariba's expert, on June 17, 2013 and Coupa took Dr. Shamos' deposition on June 27, 2013.

The parties have also agreed, and the Court has ordered, that each party shall have up to 70 hours of total deposition time for fact witnesses, with no limit on the number of fact depositions. Each party shall have up to seven hours of deposition time for any expert declaration on claim construction, and up to an additional seven hours deposition time for each expert report submitted by an expert. These limits may be modified by agreement of the parties or upon further order of this Court upon a showing of good cause.

**G.     Procedural History**

Coupa was served with the Complaint on March 26, 2012 and filed its Answer and Counterclaims on May 14, 2012. (Dkt. No. 12.) Ariba filed its Answer to the Counterclaims on June 6, 2012. (Dkt. No. 14.) The Initial Case Management Conference before Judge Hamilton was held on July 12, 2012. (Dkt. No. 23.) The case was referred to ADR for Private Mediation to be completed within 60 days from the court's ruling on claim construction. (*Id.*) Ariba served its Patent Local Rule 3-1 Infringement Contentions on September 7, 2012, and Coupa served its Patent Local Rule 3-3 Invalidity Contentions on November 19, 2012.

On February 12, 2013, the Court issued a Reassignment Order, reassigning the case to Judge Tigar. (Dkt. No. 26.) The parties served their respective Patent Local Rule 4-1 Disclosures on March 20, 2013. The Initial Case Management Conference before Judge Tigar was held on April 9, 2013. (Dkt. No. 33.) The parties served each other with their respective Patent Local Rule 4-2 Disclosures on May 6, 2013. The parties filed the Joint Claim Construction and Prehearing Statement Pursuant to Patent Local Rule 4-3 on May 28, 2013. (Dkt. No. 39.)

No motions have been filed to date.

**H.     Deadlines in Place Before Reassignment**

The case schedule in place before this case was reassigned was as follows:

| EVENT | DEADLINE |
| --- | --- |
| Last Day for Claim Construction Discovery (Patent L.R. 4-4) | Tuesday, July 2, 2013<br><br>(Dkt. No. 41) (June 7, 2013 Order Extending Deadline for Claim Construction Discovery) |
| Ariba's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | Friday, July 12, 2013<br><br>(Dkt. No. 34) (April 9, 2013 Scheduling Order) |
| Coupa's Claim Construction Opposition Brief (Patent L.R. 4-5(b)) | Friday, July 26, 2013<br><br>(Dkt. No. 38) (May 1, |

| EVENT | DEADLINE |
| --- | --- |
|  | 2013 Case Management Order) |
| Ariba's Claim Construction Reply Brief (Patent L.R. 4-5(c)) | Friday, August 2, 2013<br><br>(Dkt. No. 38) (May 1, 2013 Case Management Order) |
| Technology Tutorial | Tuesday, August 20, 2013<br><br>(Dkt. No. 34) (April 9, 2013 Scheduling Order) |
| Claim Construction Hearing | Tuesday, September 3, 2013<br><br>(Dkt. No. 34) April 9, 2013 Scheduling Order) |
| Deadline to complete private mediation | 60 days after claim construction ruling<br><br>(Dkt. No. 23) |

## I. Modifications

The parties understand that the August 20, 2013 claim construction tutorial and September 3, 2013 hearing dates are vacated by the June 27, 2013 Reassignment Order. The parties request that the tutorial and claim construction hearing again be scheduled for early September 2013, or as close to the original dates as possible.

The parties request that the Patent Local Rule 4-5(a), (b), and (c) deadlines (*i.e.*, claim construction briefing) remain as scheduled for July 12, 2013, July 26, 2013, and August 2, 2013, respectively.

The parties request that an in-person or telephonic case management conference be set for the first week in August 2013, or as soon thereafter as possible.

The parties agree to keep the deadline to complete private mediation within 60 days after the Court's claim construction ruling.

Ariba further requests that the case be set the case for trial in September 2014, since the case has now been pending for 15 months and has been reassigned twice. Coupa requests no

change in the current plan and asks that trial setting occur after the Court issues its Claim Construction Order.

**J.    Magistrate Judge**

The parties do not consent to a Magistrate Judge for trial.

**K.    Case Management Conference**

The parties believe that a telephonic or in-person conference regarding the claim construction tutorial and hearing dates may be helpful.

                                        Respectfully submitted,

Dated: July 08, 2013                  COVINGTON & BURLING LLP

By:   /s/ Amy K. Van Zant
Amy K. Van Zant
Attorneys for Plaintiff/Counter-defendant
ARIBA, INC.

Dated: July 08, 2013                  FISH & RICHARDSON P.C.

By:   /s/ Kelly C. Hunsaker
Kelly C. Hunsaker
Attorneys for Defendant/Counterclaimant
COUPA SOFTWARE INC.

### ECF CERTIFICATION

I, Amy K. Van Zant, am the ECF User whose identification and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1, I hereby attest that Kelly C. Hunsaker has concurred in this filing.

Dated: July 08, 2013                  COVINGTON & BURLING LLP

By:   /s/ Amy K. Van Zant
Amy K. Van Zant
Attorneys for Plaintiff/Counter-defendant
ARIBA, INC.