Robert T. Haslam (SBN 71134 / rhaslam@cov.com)
Amy K. Van Zant (SBN 197482 / avanzant@cov.com)
Tess A. Hamilton (SBN 279738 / tahamilton@cov.com)
Hyun S. Byun (SBN 281753 / hbyun@cov.com)
Samuel J. Edwards (SBN 289305 / sedwards@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram (SBN 126750 / rfram@cov.com)
Christine Saunders Haskett (SBN 188053 / chaskett@cov.com)
E. Daniel Robinson (State Bar No. 254458 / drobinson@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Plaintiff,*
ARIBA, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ARIBA, INC., a Delaware corporation, <br><br> Plaintiff/Counter-defendant, <br><br> v. <br><br> COUPA SOFTWARE INC., a Delaware corporation, <br><br> Defendant/Counterclaimant. | Civil Case No.: 3:12-cv-01484-WHO <br><br> **ARIBA, INC.'S ANSWER TO COUPA SOFTWARE INC.'S FIRST AMENDED ANSWER AND COUNTERCLAIMS** |

Plaintiff/Counter-defendant Ariba, Inc. ("Ariba") hereby answers the separately numbered paragraphs of the Counterclaims. Unless expressly admitted, all allegations in the Counterclaims are denied.

Unnumbered Paragraph 1.    The averments in Unnumbered Paragraph 1 are not factual, and thus no response is required. To the extent a response is required, Ariba denies the allegations of Unnumbered Paragraph 1.

35.    Ariba admits that Defendant/Counterclaimant Coupa Software Inc. ("Coupa" or "Counterclaimant") is a Delaware corporation with its principal place of business at 100 S. Ellsworth Avenue, San Mateo, CA 94401.

36.    Ariba admits that it is a Delaware corporation with its principal place of business at 910 Hermosa Court, Sunnyvale, CA 94085.

37.    Ariba admits that it is the owner of United States Patent No. 7,117,165 ("the '165 Patent").

38.    Ariba admits that the Counterclaims purport to seek declaratory relief pursuant to 28 U.S.C. § 2201 et seq. and 35 U.S.C. § 101 et seq. Ariba denies the remaining allegations of Paragraph 38.

39.    Ariba admits that venue for Ariba's claims is proper in this Court and that it brought a Complaint in this Court for Coupa's ongoing infringement of the '165 Patent. Ariba denies the remaining allegations of Paragraph 39.

40.    Paragraph 40 of the Counterclaims is a statement of law to which no admission or denial is required. To the extent a response is required, Ariba admits that, pursuant to General Order 67, newly filed patent cases shall be randomly assigned to any judge of this Court pursuant to General Order No. 44 and Civil Local Rules 3-2 and 3-3. Ariba denies the remaining allegations of Paragraph 40.

41.    Ariba admits that it has been a leading e-procurement provider for over six years. Ariba denies the remaining allegations of Paragraph 41.

42.    Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies same.

43. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies same.

44. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and therefore denies same.

45. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies same.

46. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies same.

47. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and therefore denies same.

48. Ariba admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/74dbgjx points to a webpage that contains the following statement: "Coupa is a representation of a novel company model, centered on arranging services from the cloud." Ariba further admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/7bxn944 points to a webpage that contains the following statement: "Coupa, in fact, represents a new model of company, brokering services from the cloud and offering packages of services to their respective markets." Ariba is without information sufficient to form a belief as to the truth content of the statements attributed to either of those URLs and therefore denies same. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48 and therefore denies same.

49. Ariba admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/6noam4d points to a webpage that contains the quoted statements in Paragraph 49. Ariba is without information sufficient to form a belief as to the truth content of the statement attributed to that URL and therefore denies same. Ariba denies that it has or has had a "stranglehold" on the e-procurement provider market. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49 and therefore denies same.

1  50. Ariba admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/6o54j48 points to a webpage that contains the quoted statements in Paragraph 50. Ariba is without information sufficient to form a belief as to the truth content of those quoted statements attributed to that URL and therefore denies same. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 and therefore denies same.

  51. Ariba admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/7gr4enb points to a webpage that contains the quoted statements in Paragraph 51. Ariba is without information sufficient to form a belief as to the truth content of those quoted statements attributed to that URL and therefore denies same. Ariba denies that it has or has had a "stranglehold" on the e-procurement market. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 and therefore denies same.

  52. Ariba admits that, as of the visit date of May 31, 2012, the URL http://tinyurl.com/6noam4d points to a webpage that contains the quoted statements in Paragraph 52. Ariba is without information sufficient to form a belief as to the truth content of those quoted statements attributed to that URL and therefore denies same. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and therefore denies same.

  53. Ariba denies the allegations of Paragraph 53.

  54. Ariba denies the allegations of Paragraph 54.

  55. Ariba admits that it brought its Complaint against Coupa in this matter for infringement of the '165 Patent on March 23, 2012. Ariba admits that the '165 Patent was filed on October 28, 1999. Ariba admits that the '165 Patent is fundamental. Ariba denies the remaining allegations of Paragraph 55.

  56. Ariba denies that it failed to "notify" Coupa of the '165 Patent prior to filing suit on the basis of Ariba's marking of its products with the '165 Patent. Ariba denies that the validity and scope of the '165 Patent have been untested on the basis that the '165 Patent was

duly issued by the United States Patent and Trademark Office ("PTO") and the scope of the '165 Patent is defined by its claims. Ariba admits that it has not previously filed a lawsuit asserting the claims of the '165 Patent against another party. Ariba denies the remaining allegations of Paragraph 56.

57. Ariba denies the allegations of Paragraph 57.

58. Ariba denies that the patent application that resulted in the issuance of the '165 Patent was "rejected" by the PTO on any basis. Ariba admits that, during prosecution of the '165 Patent, the examiner issued the following office actions based, in part, on U.S. Patent No. 5,319,542, U.S. Patent No. 5,758,327, and U.S. Patent No. 5,315,504: non-final rejection of claims 1-34, issued on July 10, 2002; final rejection of claims 1-50, issued on January 6, 2003; non-final rejection of claims 1-50, issued on June 30, 2003; final rejection of claims 1-50, issued on December 19, 2003; and non-final rejection of claims 1-34 and 40-50, issued on September 4, 2004. Ariba denies the remaining allegations of Paragraph 58.

59. Ariba admits that the quoted language in Paragraph 59 appears in the file history of the '165 Patent but denies the import attributed to those statements. Ariba denies the remaining allegations of Paragraph 59.

60. Ariba admits that the quoted language in Paragraph 60 appears in the file history of the '165 Patent but denies the import attributed to those statements. Ariba denies the remaining allegations of Paragraph 60.

61. Ariba admits that the quoted language in Paragraph 61 appears in the file history of the '165 Patent but denies the import attributed to those statements. Ariba denies the remaining allegations of Paragraph 61.

62. Ariba admits that the quoted language in Paragraph 62 appears in the file history of the '165 Patent but denies the import attributed to those statements. Ariba denies the remaining allegations of Paragraph 62.

63. Ariba denies the allegations of Paragraph 63.

64. Ariba admits that Exhibit B to Coupa's Answer and Counterclaims contains the language quoted in Paragraph 64. Ariba is without knowledge as to the truth content of that

ARIBA, INC.'S ANSWER TO COUPA SOFTWARE INC.'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS
Civil Case No.: 3:12-cv-01484-WHO

5

quoted language and therefore denies same. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 and therefore denies same.

65. Ariba admits that Exhibit B to Coupa's Answer and Counterclaims contains the language quoted in Paragraph 65. Ariba is without knowledge as to the truth content of that quoted language and therefore denies same. Ariba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 and therefore denies same.

66. Ariba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and therefore denies same.

67. Ariba denies the allegations of Paragraph 67.

68. To the extent that Paragraph 68 purports to constitute, in part, a statement of law, no admission or denial is required. Ariba denies the remaining allegations of Paragraph 68.

69. Ariba denies the allegations of Paragraph 69.

70. Ariba denies the allegations of Paragraph 70.

71. To the extent that Paragraph 71 purports to constitute, in part, a statement of law, no admission or denial is required. Ariba denies the remaining allegations of Paragraph 71.

72. Ariba admits that Claims 35 and 41 of the '165 Patent both recite, in part, "[a] machine-readable medium having a set of executable instructions to cause a machine to perform a method for facilitating electronic commerce, the method comprising: . . . transmitting the electronic requisition form directly to at least one of the plurality of suppliers . . . ." Ariba denies the remaining allegations of Paragraph 72.

**WITH RESPECT TO THE**
**FIRST CLAIM FOR RELIEF**

73. Ariba restates and incorporates by reference its responses to Paragraphs 35-73 of this Answer as if fully set forth herein.

74. Ariba admits that there is an actual and justiciable controversy between the parties regarding Coupa's infringement of the '165 Patent. Ariba denies the remaining allegations of Paragraph 74.

75. Ariba admits that the Counterclaims purport to seek declaratory relief. Ariba denies that Coupa is entitled to relief and denies the remaining allegations of Paragraph 75.

## WITH RESPECT TO THE SECOND CLAIM FOR RELIEF

76. Ariba restates and incorporates by reference its responses to Paragraphs 35-76 of this Answer as if fully set forth herein.

77. Ariba denies that there is an actual and justiciable controversy between the parties regarding the validity of the '165 Patent. Ariba denies any remaining allegations of Paragraph 77.

78. Ariba admits that the Counterclaims purport to seek declaratory relief. Ariba denies that Coupa is entitled to relief and denies the remaining allegations of Paragraph 78.

## RESPONSE TO PRAYER FOR RELIEF

Ariba denies that Coupa is entitled to the relief enumerated in Paragraphs a. through g. of Coupa's Prayer for Relief.

## AFFIRMATIVE DEFENSES

In addition to its Answer as set forth above, Ariba asserts the following additional defenses and reserves the right to amend its answer and defenses and to file further pleadings.

## FIRST AFFIRMATIVE DEFENSE

Each of the Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '165 Patent are not invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 or 112.

## THIRD AFFIRMATIVE DEFENSE

Coupa is barred under the doctrine of unclean hands from asserting any counterclaims against the '165 Patent.

Respectfully submitted,

Dated: February 21, 2014
COVINGTON & BURLING LLP

By: ___/s/ *Amy K. Van Zant*___
Robert T. Haslam
  rhaslam@cov.com
Amy K. Van Zant
  avanzant@cov.com
Tess A. Hamilton
  tahamilton@cov.com
Hyun S. Byun
  hbyun@cov.com
Samuel J. Edwards
  sedwards@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Robert D. Fram
  rfram@cov.com
Christine Saunders Haskett
  chaskett@cov.com
E. Daniel Robinson
  drobinson@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

*Attorneys for Plaintiff/Counter-defendant ARIBA, INC.*