UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIBA, INC., <br>     Plaintiff, <br>   v. <br> COUPA SOFTWARE INC., <br>     Defendant. | Case No. 12-cv-01484-WHO <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. Nos. 88, 88-3, 92, 95, 103, 105, 106 |

## INTRODUCTION

Plaintiff Ariba, Inc. has filed a complaint for patent infringement against defendant Coupa Software Inc. Dkt. No. 84. It seeks leave to file a second amended complaint adding state law claims for misappropriation of trade secrets and breach of employment contract against Coupa and two former Ariba employees. The proposed state law claims are not part of the same case and controversy as the pending patent infringement claims, and I decline to exercise discretion to allow supplemental jurisdiction. Accordingly, I DENY Ariba's motion for leave to file a second amended complaint.[1]

## BACKGROUND

Ariba discovered the basis for its new state claims against Coupa beginning in October 2013, after Coupa produced 70,000 pages of documents to it. Within a week, Ariba realized that the production included confidential and proprietary Ariba documents. Over the next several

---

[1] I GRANT Coupa's motion for leave to file a sur-reply. Dkt. No. 106. Ariba raised various arguments regarding supplemental jurisdiction in its reply that it did not raise in its opening brief. Coupa is entitled to respond to those arguments. In addition, for good cause shown, the parties' motions to seal are GRANTED. Dkt. Nos. 88, 95, 103, 105.

weeks, Ariba discovered the following confidential and proprietary documents that fall under two categories, Solution Package Descriptions and Competitive Analysis Documents:

Solution Package Descriptions ("SPDs")[2]

- Ariba Contract Management - Basic, 2008.
- Ariba Contract Management - Professional, 2008.
- Ariba Procurement Content, June 2008.
- Ariba Travel & Expense, Feb. 2008.
- Ariba Invoice and Ariba Payment, Mar. 2008.
- Ariba Procure to Pay - Professional, June 2008.

Competitive Analysis Documents

- Competitor Summary: Coupa, June 15, 2010.
- Coupa Competitive Analysis, 2010 (duplicate copies of same presentation).

Coupa's interrogatory responses stated that two former Ariba employees, Mark Carlton and Steve Paskow, brought the confidential Ariba documents to Coupa and provided them to three Coupa vice presidents. Carlton was a senior solution consultant at Ariba from June 2008 through May 2009 and was a director of solutions consulting at Coupa until earlier this year. Carlton was recently rehired by Ariba but was terminated the same day that he started after Ariba's legal department learned of his re-employment. Paskow was an account executive at Ariba from May 2010 through November 2011 and is currently an enterprise regional sales manager at Coupa.

Ariba seeks leave to file a second amended complaint, adding claims for misappropriation of trade secrets against Coupa, Carlton and Paskow, and claims for breach of employment

---

[2] Ariba states that it created the Solution Package Descriptions "to use (1) to describe the features and functionality of the exact solution offered in each different package (*e.g.,* the specific features that are offered in the "basic" *vs.* "professional" packages and what optional features may be added), (2) to define the scope of deployment (including precise manpower resources and timelines for installation), and (3) to define the solution warranty (including specific details on support)." Mot. at 3. The Competitive Analysis Documents describe Ariba's competitive position compared to Coupa, but are not specific to any particular product.

2

contracts against Carlton and Paskow.

**LEGAL STANDARD**

**I. SUPPLEMENTAL JURISDICTION**

**A. 28 U.S.C. § 1367(a)**

28 U.S.C Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

If there is supplemental jurisdiction over state claims, a court may nonetheless decline to exercise supplemental jurisdiction if

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).

**B. 28 U.S.C. § 1338(b)**

28 U.S.C. Section 1338(b) provides that "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws." 28 U.S.C. § 1338(b). "For a federal court to exercise pendent jurisdiction under 28 U.S.C. § 1338(b), a 'considerable overlap' between the factual bases underlying the federal and state claims must be apparent." *Taiwan Semiconductor Mfg. Co., Ltd. v. Semiconductor Mfg. Int'l Corp.*, 03-cv-5761-MMC, 2004 WL 5212448, *5 (N.D. Cal. Apr. 21, 2004) (citing *Mattel, Inc. v. Hyatt,* 664 F.2d 757, 760-61 (9th Cir. 1981)). Even where jurisdiction exists under § 1338(b), a court may decline to hear the state law claims if (1) any overlap between the factual bases of the federal and state

3

1 claims is minimal; (2) proof on the state law claim would require substantial additional evidence at trial; (3) a likelihood of jury confusion is present; and (4) the state law claim was asserted as a means of prejudicing the jury against the defendant. *Verdegaal Brothers, Inc. v. Union Oil Co. of California,* 750 F.2d 947, 952 (Fed. Cir. 1984).

## II. LEAVE TO AMEND PER FRCP 15(a)

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)) (internal quotation marks omitted). To determine whether to grant leave to amend, courts consider the following five factors: (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice, and (5) futility of amendment. *See Eminence Capital*, 316 F.3d at 1051-52 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

There is no federal jurisdiction over the proposed state law claims under Section 1367(a) because they do not form part of the same case or controversy as the patent infringement claims. Even if the claims were part of the same case or controversy, I would exercise my discretion under Section 1367(c) to decline to hear the state law claims because the state law claims present complex issues of state law that would predominate over the patent claims. There is also no Section 1338(b) supplemental jurisdiction over the state law claims because the factual bases underlying the patent and state law claims lack "considerable overlap."

## I. THE PROPOSED STATE LAW CLAIMS DO NOT FORM PART OF THE SAME CASE OR CONTROVERSY AS THE PATENT CLAIMS

Ariba's patent claims and its proposed state law claims all bear some connection to Coupa's allegedly improper use of Ariba's intellectual property. But it is not sufficient that the federal and state claims "are not completely unrelated" to exercise supplemental jurisdiction. *See, e.g., Taiwan Semiconductor Mfg.*, 2004 WL 5212448, *7 (declining to exercise supplemental jurisdiction even though patent and state law trade secret and unfair competition claims "are not

4

completely unrelated"). Rather, to exercise supplemental jurisdiction under Section 1367, the state law claims must be "so related" to the patent claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). That is not the case here. The confidential Ariba documents may very well be relevant to the patent claims, but just because they are relevant does not mean that the proposed state law claims "form part of the same case or controversy" as the patent claims. On the contrary, the confidential documents and the proposed state law claims relate to various products, features, and intellectual property not at issue in the patent case and require unrelated damage and liability theories. While there may be minimal overlap between those issues and those necessary to litigate the patent case, it is insufficient to bring the state law claims within the same case or controversy as the patent claims.

Ariba argues that there is a common nucleus of operative facts between the patent claims and the proposed state law claims because the claims have overlapping elements of proof. Specifically, without explanation, Ariba asserts that the following "proof issues" are identical for the trade secret misappropriation and patent claims (some of which, according to Ariba, also apply to the contract claims):

(1) <u>sales of e-procurement products</u> relate to infringement and damages for the patent claim and damages for the trade secret claim;

(2) <u>copying</u> relates to a reasonable royalty (damages) for the patent claims and intent to misappropriate for the trade secret claims;

(3) <u>the commercial relationship between the parties</u> relates to damages and injunctive relief for the patent claims and knowledge, intent to misappropriate and damages for the trade secret claims;

(4) <u>profitability and commercial success</u> relates to damages for the patent, trade secret and contract claims;

(5) <u>extent of use of the e-procurement products</u> relates to infringement and damages for the patent claims and misappropriation, intent and damages for the trade secret claims; and

(6) <u>product demand</u> relates to damages for the patent claims and "value/status" for the trade secret claims.

To be relevant to the patent claims, evidence regarding infringement and damages must be tied to the patented invention. In this case, it appears that the only confidential Ariba document (out of the eight that form the basis for the proposed state law claims) that relates to a product that

practices the '165 patent at issue is the Ariba "Procure to Pay" Solution Package Description. The five other Solution Package Descriptions relate to products that do not practice the '165 patent, as Ariba's own Patent Local Rule 3-1(g)[3] disclosure indicates.[4] At oral argument, counsel for Ariba stated that it did not disclose its products other than Procure-to-Pay in the Rule 3-1(g) disclosure because those products practice *some* elements of the asserted claims but do not practice "each and every element" of the asserted claims. But if the other products only practice some elements of the asserted claims and not the asserted claims of the '165 patent themselves, the proposed state law claims as to those other products can hardly be part of the same case or controversy as the patent claims. As noted, the documents regarding the other products may very well be relevant to Ariba's infringement case—they were apparently responsive to Ariba's discovery requests in the patent action—but being relevant to a claim is not the same as forming being part of the same case or controversy as that claim.

The declaration of John Lark, Ariba's senior director or marketing, also contradicts Ariba's assertion that all six SPDs relate to the '165 patent. Lark stated that Coupa did not compete with Ariba for five of the six solutions described in the SPDs. Sur-reply at 2. He stated that:

> If Coupa had access to any of the 2008 SPDs, it could have gained an unfair advantage in developing its own competing products. This is particularly true because *Coupa did not have complementary competing solutions for five of the six 2008 SPDs as of 2011*. Having access to Ariba's SPDs for these new solutions and for the procurement solution would have enabled Coupa to tailor its product offerings to Ariba's solutions, matching them feature-by-feature or determining to add or forego features strategically in order to better compete.

Lark Decl. ¶ 14 (emphasis added). Lark's testimony that "Coupa did not have complementary competing solutions for five of the six 2008 SPDs" (the exception being the Procure-to-Pay

---

[3] Patent Local Rule 3-1(g) states: "If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim."

[4] The disclosure states, in its entirety: "Based on a reasonable investigation, Ariba's Procure-to-Pay solution practices all of the elements of each of the asserted claims." As Coupa notes, the disclosure make no mention of the other products in the SPDs.

6

document) further indicates that those documents do not relate to the same case or controversy as the patent claims regarding the '165 patent.[5]

None of the cases cited by Ariba support the exercise of supplemental jurisdiction in this case. *Aqua-Lung America, Inc. v. American Underwater Products, Inc*., 2007 WL 3169050 (N.D. Cal. 2007) had no discussion of relevant facts; it merely noted that "it appears that those claims do arise from the same nucleus of operative facts such that exercising supplemental jurisdiction over them is appropriate." However, it appears that in that case the plaintiff allegedly misappropriated the defendants' technology which was under development and unpatented at the time, and then used that information to develop its own infringing technology. That is not the case here.

In *Precision Automation, Inc. v. Technical Services, Inc.*, 2007 WL 4480728 (D. Or. Sept. 28, 2007), the plaintiffs argued that the defendants' sales and offers to plaintiffs' customers constituted both improper conduct under plaintiffs' state law claims and patent infringing activities. In this case, there is no allegation that the misappropriation of Ariba's confidential information itself constitutes patent infringement.

In *Qualcomm, Inc. v. Motorola, Inc*., 989 F.Supp. 1048, 1051 (S.D. Cal. 1997), Qualcomm sued Motorola for declaratory judgment of non-infringement of Motorola patents regarding phones. During discovery, Qualcomm learned that a Motorola employee stole one of the Qualcomm's phones because the housing appeared similar to Motorola's patented phone. The court allowed Qualcomm to add trade secret claims, explaining that "Motorola's representative took the Qualcomm material *because it appeared similar to a patented Motorola phone*" and, accordingly, "the theft was indeed related to the patent claims." *Id*. (emphasis added). There is no

---

[5] Ariba's proposed breach of contract claims against Carlton or Paskow have even less of a common nucleus of operative facts with the patent claims than do the trade secret claims. The only "proof issue" that Ariba contends is identical between the contract claims and the patent claims is "profitability and commercial success," which Ariba contends relates to damages. At oral argument, counsel for Ariba offered to drop the proposed claims against Carlton or Paskow if doing so allowed the Court to exercise supplemental jurisdiction over the trade secret claims. However, for the reasons stated, the trade secret claims do not form part of the same case or controversy as the patent infringement claims. Dropping the breach of contract claims would not allow me to exercise supplemental jurisdiction of the trade secret claims.

allegation here that Coupa misappropriated the Ariba documents because the documents themselves practice the patents at issue.

In *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) the federal circuit noted that "in this case, 3D's trade libel and unfair competition claims go hand-in-hand with its patent infringement claims" because all of the claims arose out of the defendants' sales activity. In this case, Ariba alleges trade secret and contract claims, not trade libel and unfair competition claims, and the claims do not all arise out of the same activity.

In sum, the proposed claims do not form part of the same case or controversy as the patent claims.

## II. STATE LAW CLAIMS PREDOMINATE

I would exercise my discretion under Section 1367(c) to decline to hear the state claims even if the proposed state law claims were part of the same case or controversy as the patent claims because the state claims would "substantially predominate" over the patent claims. 28 U.S.C. § 1367(c)(2).

The patent claims are relatively circumscribed. There is only one patent at issue and one defendant. In contrast, the proposed state law claims relate to three defendants, six Ariba products (the six solutions discussed in the Solution Package Descriptions), and various alleged trade secrets contained in the eight confidential Ariba documents. The state law claims require substantial evidence on matters having nothing to do with the patent claims. For example, the trade secret claims require proof of the scope and nature of the alleged trade secrets, Ariba's efforts at maintaining that information confidential, whether the information was publicly available, the circumstances surrounding the disclosure, use of the documents by Coupa, and the alleged competitive harm resulting from disclosure. The contract claims also require evidence of the proposed individual defendants' employment obligations. As in *Taiwan Semiconductor Mfg.*, the proposed state law claims "are far more wide-ranging than the relatively unexceptional patent claims that provide the sole basis for this Court's original jurisdiction." 2004 WL 5212448, *7 (declining to exercise supplemental jurisdiction over state law trade secret and unfair competition claims).

### III. THERE IS NO SECTION 1338(b) JURISDICTION BECAUSE THE PATENT AND STATE LAW CLAIMS LACK CONSIDERABLE OVERLAP

There is no Section 1338(b) supplemental jurisdiction over the state law claims because the factual bases underlying the patent and state law claims lack "considerable overlap," for the reasons stated above. *Taiwan Semiconductor Mfg.*, 2004 WL 5212448, *5. Moreover, given the minimal overlap between the claims, that proof on the state law claim would require substantial additional evidence at trial, and the likelihood of jury confusion, I would decline to hear the state claims even if there was Section 1338(b) jurisdiction. *See, e.g., id.* at *6 (declining to exercise supplemental jurisdiction under Section 1338(b) because of "lack of significant factual and legal overlap and the need for substantial additional evidence not relevant to the patent claims").

### CONCLUSION

Ariba's motion for leave to file a second amended complaint is DENIED. Dkt. No. 88-3. Coupa's motion for motion for leave to file a sur-reply is GRANTED. Dkt. No. 106. The parties' motions to file under seal are GRANTED. Dkt. Nos. 88, 95, 103, 105.

**IT IS SO ORDERED**.

Dated: April 15, 2014

WILLIAM H. ORRICK
United States District Judge